UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FEDERAL EXPRESS CORPORATION,

                Plaintiff,

-against-

JETEX AIR EXPRESS INC. and SWINGLINE
INTERNATIONAL INC.,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**ORDER**
16-CV-1553 (CBA) (RER)

**AMON, United States District Judge:**

Federal Express Corp. ("FedEx") brings this action against defendants JetEx Air Express Inc. ("JetEx") and Swingline International, Inc. ("Swingline"), alleging: (1) trademark infringement in violation of § 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114, and New York common law; (2) unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), New York General Business Law ("GBL") § 349, and New York common law; and (3) service mark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1), and GBL § 360. (D.E. # 1.) The defendants have not appeared in these proceedings, and the Clerk of Court noted the default of the defendants on May 18, 2016. (D.E. # 21). FedEx moved for a default judgment against the defendants on July 29, 2016, (D.E. # 23–24), and on September 15, 2016, the Court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R"). (D.E. dated Sept. 15, 2016.) Magistrate Judge Reyes issued a thorough and well-reasoned R&R recommending granting the plaintiff's motion for a default judgment. (D.E. # 27.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

1

§ 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the R&R as the opinion of the Court. Accordingly, the Court grants FedEx's motion for default judgment and awards FedEx $25,000 for attorney's fees and costs. Defendants JetEx and Swingline, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them having notice of this injunction, are permanently enjoined from:

(a) using in any manner the JetEx Logo or any other logo, trademark, designation, image, phrase, slogan or term likely to cause confusion with the FedEx Logo Trademark on any goods or services, or in connection with the advertising or promotion of their goods or services;

(b) using in any manner the JetEx Logo in connection with Defendants' goods or services;

(c) otherwise engaging in any other acts or conduct which could cause consumers to erroneously believe Defendants' goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with Plaintiff; and

(d) from displaying, using, or continuing to use any vehicles, which display, contain, use, or depict the JetEx Logo.

Defendants JetEx and Swingline are required to file with the Court and serve on FedEx, within thirty days from the date of entry of final judgment, a report under oath detailing the manner in which they have complied with all terms of this injunction, with supporting photographic and documentary evidence.

SO ORDERED.

Dated: February 27, 2017
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge